UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEAN WILLIAM LOY, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-01257 |
| SHARON MCCUTCHEN, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 67) recommending that the Court grant Brian McCutchen and Sharon McCutchen's ("the McCutchens") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 38). Dean William Loy ("Loy"), proceeding *pro se*, has filed a "Motion to Oppose Dismissal," which the Court construes as his objections to the R&R. (Doc. No. 69). For the following reasons, the Court will adopt the R&R and dismiss this case.

The Court will not repeat the entire factual background and procedural history of this case because those are aptly set forth in the R&R. (Doc. No. 67 at 1–3). In short, Loy filed this lawsuit to challenge two Tennessee Chancery Court orders. The first is an order granting the McCutchens a conservatorship over their autistic 19-year-old son Noah, whom Loy claims he met "on a dating app designed for men who like older men" and is in "a gay relationship." (Doc. No. 1 at 1–8). The second is a restraining order that prohibited Loy from contacting Noah. (Id.; see also Doc. No. 1-1 at 4–5). Loy contends that the Chancery Court erred in issuing the conservatorship order and restraining order for various reasons. As a result, Loy brought this lawsuit against the

McCutchens and two Tennessee Chancery Court judges[1] who were involved in the underlying state court proceedings. (Doc. No. 1 at 1–8). In his prayer for relief, Loy seeks an Order that would: (1) dismiss the Chancery Court's restraining order; (2) dismiss the Chancery Court's conservatorship "or let Noah decide who his conservator should be"; (3) vacate an unknown order that apparently did not let Noah "sit in the court where he chooses"; and (4) award him "punitive and exemplary damages of $100,000" for libel based on the McCutchens' allegations in a state court petition for an order of protection. (See Doc. No. 1 at 5; see also Doc. No. 1-1 at 7–8).

The McCutchens responded by filing a motion to dismiss this case for lack of subject matter jurisdiction. (Doc. No. 38). The Magistrate Judge recommends that the Court grant the McCutchens' motion and dismiss this case pursuant to the Rooker-Feldman doctrine. (Doc. No. 67 at 3–5). The Rooker-Feldman abstention doctrine "stands for the simple . . . proposition that lower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state judgments." Anderson v. Charter Tp. of Ypsilanti, 266 F.3d 487, 492 (6th Cir. 2001) (quoting Gottfried v. Med. Planning Servs., 142 F.3d 326, 330 (6th Cir. 1998)). The Magistrate Judge found that this doctrine "squarely applies here" because "[t]he source of Loy's alleged injury is the Tennessee Chancery court's restraining order and order of protection against him, nothing else." (Doc. No. 67 at 3–4). The Magistrate Judge further found that any "proposed amendment would ultimately be futile" because of this jurisdictional defect. (Id. at 4). On July 24, 2025, Loy responded to the R&R by filing a document titled "Motion to Oppose Dismissal." (Doc. No. 69).

The Court's sole role at this point is to resolve any "proper" objections to the R&R. "Proper" objections for the Court's review "must state with particularity the specific portions of

---

[1] It remains unclear whether Loy ever properly served these judges. (See Doc. No. 29).

the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a); see also Fed. R. Civ. P. 72(b)(2). Based on those proper objections, the Court then decides whether to "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).

The relevant procedural rules distinguish between proper objections that deserve de novo review, and "vague, general, or conclusory objections," which do "not meet the requirement of specific objections and [are] tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x 354, 356 (6th Cir. 2001) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). When a litigant makes improper objections, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991). "The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purposes of the Magistrates Act." Id. "A district judge [also] should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." Id. (quoting Lockert v. Faulkner, 843 F.2d 1015, 1019 (1988)).

Here, the entirety of Loy's objections are as follows:

I Dean W Loy, Plaintiff of [redacted address] oppose Judge Frensley's recommendation.

I ask the court to release me from TN custody. To present my case and prove jurisdiction. I have been a KY resident over 5 years. Google my house. Those were my trucks, I can show you my lease agreement, Bank statements, utility bills.

Noah and I have lost everything. He has lost his freedom. Noah has lost his college education. Noah has no future if you dismiss our case.

3

> Please don't do this to Noah. We have a right to marriage.
>
> I have lost my business over this. I have lost my trucks, my drivers. Lost my house. Now I have lost my freedom trying to see Noah after a TN Court of Apeals ruling said I could see him. I've been charged with felony stalking. Judge Brigham want release me on bond till you order me released.

(Doc. No. 69 at 1–2). The Court certainly appreciates Loy's concerns, but these are not proper objections to the R&R. "[A]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution . . . is not an 'objection' as that term is used in this context." J.A. v. Smith Cty. School Dist., 364 F. Supp. 3d 803, 812 (M.D. Tenn. Mar. 6, 2019) (quoting VanDiver v. Martin, 304 F. Supp. 2d 934, 938 (E.D. Mich 2004)). Loy's "objections" neither state with particularity the specific portions of the R&R he is objecting to, nor do they contain a single citation to the R&R to apprise the Court of the bases for his objections. See L.R.72.02(a). They also fail to explain how the Magistrate Judge committed legal error in applying the Rooker-Feldman doctrine. This failure is particularly damaging to his case because Loy, as the party seeking to invoke this Court's jurisdiction, has the burden to show that the Rooker-Feldman doctrine does *not* apply. See Hammond v. HSBC Mortg. Servs., 2010 WL 1418732, at *2 (W.D. Ky. Apr. 6, 2010); Schulze v. Twp. of Claybanks, 2009 WL 3586139, at *12 (W.D. Mich. Oct. 27, 2009); Kolley v. Adult Protection Servs., 2009 WL 3388374, at *7 (E.D. Mich. Oct. 16, 2009). Loy's objections are therefore overruled as improper.

Ultimately, Loy brought this *federal* case to challenge *state* court rulings and orders. The Court agrees with the Magistrate Judge that it lacks subject matter jurisdiction over these challenges under the Rooker-Feldman doctrine. The Court further agrees that it would be futile for Loy to amend the Complaint. For these reasons, the Court orders as follows:

1. The R&R (Doc. No. 67) is **APPROVED AND ADOPTED**.

4

2. The McCutchens' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. No. 38) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE** to Loy raising these issues in an appropriate court.

3. All other pending motions, including those filed at Doc. Nos. 12, 13, 16, 33, 36, 41, 43, 45, 49, 50, 51, 57, 61, 64, and 65, are **DENIED AS MOOT**.

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file. Loy is on notice that this Court is no longer the proper forum in which to raise arguments or file motions; if he disagrees with the Court's rulings, he may file an appeal with the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE